# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GUADALUPE MALDONADO,

    Petitioner,

v.                                         CASE NO. 8:12-CV-686-T-30TGW
                                             CRIM. CASE NO. 8:09-CR-291-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Maldonado's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based conviction for conspiracy to distribute, and possess with intent to distribute five kilograms or more of cocaine. Maldonado pleaded guilty and was sentenced to 91 months in prison to be followed by 5 years supervised release (CR Dkts. 31, 46). He did not appeal his conviction and sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f). Because Maldonado's conviction was final on July 8, 2010,[2] his limitation period expired one year later on July 7, 2011. Pursuant to the mailbox rule,[3] Maldonado's motion to vacate is considered filed as of March 27, 2012, which is the date he signed the motion (CV Dkt. 1 at docket page 13). Because the motion was filed more than eight months too late, Maldonado's motion to vacate is untimely.

Maldonado argues entitlement to equitable tolling.[4] "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the

---

[2]Because Petitioner did not appeal the judgment of conviction entered on June 23, 2010 (CR Dkt. 46), it became final 10 business days later on July 8, 2010. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

[3]*Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams*, 173 F.3d at 1341 (a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

[4]On March 5, 2012, Maldonado filed a "Motion for Reconsideration of Sentencing Enhancement" (CR Dkt. 49) in which he requested to be resentenced without the sentencing enhancement for possessing a firearm. This Court denied the motion, instructed the Clerk to forward a 28 U.S.C. § 2255 form to Maldonado, and instructed Maldonado that if he intended to file a § 2255 motion, he must show cause why the § 2255 motion would not be time barred (CR Dkt. 50).

burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Maldonado argues that he was precluded from timely filing his § 2255 motion because "English is [his] second language[,]" and he did not know until March 1, 2012, that he could challenge the sentencing enhancement (CV Dkt. 1 at docket page 12). Maldonado's alleged difficulty with the English language does not justify equitable tolling. *See United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). *Accord Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003). Likewise, a prisoner's *pro se* status or lack of legal knowledge does not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *Rich v. Dep't of Corrs.*, 317 Fed. Appx. 881, 883 (11th Cir. 2008) (unpublished) (finding *pro se* status is not extraordinary circumstance justifying equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law does not justify equitable tolling).[5]

---

[5] To the extent Maldonado asserts that he did not discover the legal basis for his claim until March 1, 2012, this would not trigger application of the § 2255(f)(4) limitation period to his § 2255 motion. See 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–. . .(4) the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence.") (emphasis added).

Accordingly, it is **ORDERED** that the motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** as time-barred. The clerk shall close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to:
Guadalupe Maldonado, *pro se*

4